MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Lee Riches, | No. CV 11-59-TUC-DCB |
| Plaintiff, | **ORDER** |
| vs. | |
| Jared Lee Loughner, | |
| Defendant. | |

Plaintiff Jonathan Lee Riches, who is confined in the Federal Medical Center-Lexington in Lexington, Kentucky, has filed a "Preliminary Injunction, Temporary Restraining Order" against Defendant Jared Lee Loughner.[1] Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] In the caption of his "Preliminary Injunction, Temporary Restraining Order," Plaintiff identifies the Plaintiff as "Julian Assange a/k/a Jonathan Lee Riches" and identifies the Defendant as "Jared Lee Loughner a/k/a Jared Loughner a/ka/ Mumtaz Qadri." In light of Plaintiff Riches's history of frivolous litigation, the Court has directed the Clerk of Court to docket the case as "Jonathan Lee Riches v. Jared Lee Loughner," without any reference to Julian Assange and Mumtaz Qadri.

Plaintiff has filed more than **1000** lawsuits in the United States District and Appellate Courts. At least **16** qualify as "strikes" pursuant to § 1915(g).[2] In addition, Plaintiff has not made a *credible* allegation in his "Preliminary Injunction Temporary, Restraining Order" that he is in imminent danger of serious physical injury. Thus, the Court will dismiss without prejudice Plaintiff's "Preliminary Injunction, Temporary Restraining Order" and this action, pursuant to 28 U.S.C. § 1915(g).

**IT IS ORDERED**:

(1) Plaintiff's "Preliminary Injunction, Temporary Restraining Order" (Doc. 1) and this action are **dismissed** without prejudice, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $350.00 filing fee when he files his action.

(2) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 25th day of January, 2011.

David C. Bury
United States District Judge

---

[2] Riches v. Simpson, No. 2:07cv1282 (D. Nev., October 19, 2007 Order); Riches v. Trump, No. 3:07cv478 (D. Nev., October 16, 2007 Order); Riches v. Noriega, No. 2:07cv619 (M.D. Fla., October 15, 2007 Order); Riches v. Belichick, No. 1:07cv11817 (D. Mass., October 10, 2007 Order); Riches v. Craig, No. 1:07cv538 (D. Del., October 5, 2007 Order); Riches v. Wal-Mart Stores, Inc., No. 4:07cv780 (E.D. Ark., October 2, 2007 Order); Riches v. Shiavo, No. 8:07cv1730 (M.D. Fla., September 26, 2007 Order); Riches v. Simpson, No. 6:07cv1504 (M.D. Fla., September 24, 2007 Order); Riches v. Snipes, No. 5:07cv376 (M.D. Fla., September 21, 2007 Order); Riches v. Gordan, No. 3:07cv384 (W.D.N.C., September 20, 2007 Order); Riches v. Sheehan, No. 3:07cv3695 (N.D. Cal., August 20, 2007 Order); Riches v. Bonds, No. 3:07cv375 (N.D. Ind., August 16, 2007 Order); Riches v. Swartz, No. 7:07cv379 (W.D.Va., August 13, 2007 Order); Riches v. Guantanamo Bay, No. 2:07cv13041 (E.D. Mich., August 8, 2007 Order); Riches v. Doe, No. 1:07cv20042 (S.D. Fla., January 24, 2007 Order); Riches v. Bush, No. 4:06cv442 (D.S.C., March 22, 2006 Order).